3-18-0336 Mokena Community Park District Capitol D by Jonathan Bristol v. James Romanek Appellant by Jonathan Coughlin Mr. Coughlin, good morning Good morning, Congresswoman My name is John Coughlin, I represent Jim Romanek who was the Executive Director of the Mokena Park District The issues that are here today before you I think are very simplistic in that Romanek signed a contract with the district that was for three years and that every year that contract would renew for an additional three year period so on every one of those dates you would continue to have that three year period subject to the Park District Board's ability to void the contract and give you notice that they were not going to go forward with it Ultimately the district did do that and instigated a litigation that there were cross-complaints, but really what ended up here today is a very simple issue The case was dismissed because the trial court found that the three year contract specifically violated public policy in that one board cannot find another board Pursuant, I do not believe that this particular statute has ever been construed before because although there's no disagreement basically on facts for the most part there's very little disagreement about the surrounding law but the thing that there is disagreement about is how do you apply this particular statute and how should it be construed and that issue becomes Park Districts are in and of themselves, they change every two years There are staggered terms, so every two years you have a new board The law itself contemplates that and allows and authorizes that you would have one board that would bind a subsequent board due to that contract Pure and simple, that's the case Judge Anderson found that one board could not bind another board I believe that right on this case, right on this statute that the board in fact has an ability, it's contemplated with that ability and to dismiss this case at that preliminary stage based on that public policy to not bind another board The board clearly is contrary to the statute, clearly is contrary to the law and because of that we believe that his ruling should be reversed and should be remanded to further proceed The Park District raised a second issue about automatically renewing contracts What's your response on that? I believe that the automatically renewing of the contracts there's no problem with that in that the initial contract that contained that provision it continues to take the contract out for three years but every year the board still has that ability to terminate that so there's not an automatic renewal I believe is a misnomer in that the Park District Board has the ability to not automatically renew it every year What was the process that the board followed each year to determine whether or not they were going to renew it? Every year the board would meet there would be no specific minutes in any of the board meetings that they were renewing the contract The contract would just automatically renew every year unless they took action Can you give me an example of how the Park District could replace the Executive Director without being obligated to pay two years of salary for severance? Yes, what they could do is if there was any type of cause there was a litany of reasons that they could This is without cause, for some reason they just want a fresh face How can the Park District get out of this contract without paying two years? They couldn't. If they did not have any cause, they would be unable to get out of it Do you think that was the intent of the way the contract was drafted? I believe that's clearly the intent of the contract when you have very specific facilities on how you can avoid that contract Otherwise the contract continues on with specific clauses where it can go forward and pay the additional time So the end result would be for two years the Park District if they decided they needed a fresh face would be paying the salary of the new Executive Director and the old Executive Director? Correct Thank you for answering my question And those terms of that contract were negotiated and entered into by the board, right? That's correct. That contract was the original contract in 2012 was entered into and was negotiated by the board was in fact written by the board's attorney and it was then approved in a public meeting and so then it was negotiated right there Any other questions? No Thank you, Mr. Koppel Mr. O'Driscoll, good morning Good morning I just want to... Is that a very good contract for the taxpayers? If you take Mr. Lomonick's interpretation of it to be true then it would be horrific Okay, but I was thinking Justice Wright's example of just wanting a fresh face, no cause Is she correct in that? If that was the interpretation that was allowed to occur then that would be an absolutely horrific interpretation but as we've heard, I just want to bring us back to a few key facts that we agree upon 2012 is when this contract was signed by Mr. Lomonick with the sub-renewal provisions in there 2013, new board sworn in 2015, new board sworn in 2016 is when the notice of termination was given 2017 was a new board and then, so basically Mr. Lomonick's position is that the contract that was put in place in 2012 continued on until 2018 without any board approval during that time frame Well it would continue on in perpetuity In and forever is a long time So there are three bases for us to be able to affirm the lower court's decision to dismiss the case How many are on the board? How many? Yes Seven Seven, and they all serve So you're saying every two years, because one or more members are off the board or there's a new member elected, it's a new board? Yes, that's right People come and go, there's occasional folks who will be on there a long time frame It's a four year term for each of them But as was discussed earlier, it's standard And they are elected by the people in the district? They are, yes So there's really, arguably, the same board only for one year period? Or how many year period? Is there arguably no change in the board composition? I'm sorry? How long, how many years is there no change in the board composition? Two years Okay Two years And so, you know, we talked about this language that says you can't tie a future board And we didn't do that in the second Then the second case is for the dismissal of the affirmative Our district code doesn't allow longer than a three year term If you take Mr. Romanek's position to be true Because of this sub-renewal without any board action Then it keeps going forever, which is a lot longer than three years And then the third item is what you mentioned about the automatic extensions Without affirmative board action, which frankly violates the Open Meetings Act Well, the ruling of the trial judge was fairly straightforward and simple And it was based on prior case law, which you cannot bind a new board Is that correct? Correct Okay, and you just told me that the board is not a new board for two years, right? A board is in place for two years Correct, of the same composition, arguably Perhaps in death or resignation And I don't know whether death or resignation, there's an appointment process or not There is Okay, so arguably under those facts and under the ruling of the trial judge His interpretation of this code How long could the contract be provided to the director? For this circumstance, even if you accept The facts we have right now, very simple Right, if you accept those facts And you said, well, look at the Park District Code, it says up to three years This is not a three-year contract This is one that continues on, even as long as it self-renews Okay, I'll get back to my original question It's very hard to hold people to that, but I'll try Okay, arguably I'm on the board I come to you, you're an attorney You're the Park District Attorney And I said, you know, we want to hire a Park District Director We're confused about this code In your opinion, and I think your argument today is You would tell me that you cannot enter into an agreement for longer than two years Is that your position? That would be my position, given First off, there's not a case that interprets what you've posited The three-year versus the two-year And then also you have the Brissini, the Mizzou, and the Milton case from 1992 Correct, but that is arguably underlying your position and argument today Am I correct? I would tell my clients, these folks were not my clients at the time I would run the side of telling them to go with two years Okay, so really we're faced with three cases, basically, correct? That would say, can't bind future boards Correct, yes And a statute If I understand Justice Holdridge's point You're always going to bind another board But it's making the statute irrelevant Are there boards that have three-year terms in the state? So, the state statutes, the code says Are you talking about part district? Yes Part district code actually says four-year terms in statute When part districts are initially formed, there's particular procedures for that as well So the legislators were thinking four years There's going to be an election every four years And they limited contracts to three years, is that? I shudder to try and infer what Springfield believes And I will tell you that there are some part districts who do not have a new board every two years But that is not necessarily in compliance with part district code Do you think the part district code requires staggered elections every two years? I don't think so But the same code limits contracts to three years? Correct Alright And again, I just want to bring forth this point of the Open Meetings Act side of things here Having what is called, I believe Mr. Romanek's brief, page six references This as being a contract that's self-renewed That is not a formal act by a board in sunshine in front of the voters No, I think some of our terminology is loose here It doesn't self-renew, it's self-renew unless action is taken by the board Right Because there's a 180-day period that the board has that they can terminate this employment agreement, correct? Prior to expiration You are correct in that's what that provision says Right But in order to incur liabilities of the public body, it has to be done Pursuant to the Open Meetings Act, notice of the 48-hour agenda You have to identify what it is that's going to be discussed You have to have a motion, a second, discussion, public comment None of this happened in 2015 when this was self-renewed And again, in theory this goes on in perpetuity without formal action by this 2013 board or 2015 board or 2019 board Why do you call it self-renewed? I was just quoting Mr. Romanek's Oh, it should be automatically renewed I mean, arguably Without action of the board The person, the director doesn't have to take any action Right So he's not self-renewing, it's just renewed Under the terms of the agreement, unless action is taken not later than 180 days There's a long way of looking at it But I think what I'm trying to express is that the Open Meetings Act requires that if you are extending an economic liability to the district That it has to be done by affirmative action, not just failing to act Correct, I understand that Can we limit it to this fact pattern? Rather than talking in generic terms Did the board place on the agenda that they would not be terminating the contract? So, I mean, if they put that on the agenda, that they were not terminating the contract Then the Open Meetings Act is compliant So, my understanding is that this was never put on any agenda from the 2011 board From the time it was put in place And I'm not, frankly, able to sit here and tell you that this initial contract was passed by former board leader That's not part of today's thing So, you're saying a violation of the Open Meetings Act, according to your interpretation, would render this null and void? Correct My point wasn't that My point I was trying to make was that common law, decisional law, is saying you can't find a new board Right? That's where you're going Okay, so whether there are The important question I'm asking you is the composition of the board that is obligated by the contract That composition remains in effect, no change, for a two year period The way this park district's bylaws, et cetera, state Correct So, between common law and statutory law, which prevails? I mean, you have a statute that says you can do a three year contract Right And it says notwithstanding other provisions within this code Right So, what prevails? Unfortunately, there's no case law out there that has interpreted this issue for the park district code and looked around Those other cases that we've referenced didn't have that kind of language in there And again, you can take a question This is not a three year contract It's saying that it's in place from 2012 through 2018 And there's no formal action during that time frame Well, technically it's a three year contract But this would be a personnel matter Which would normally be executive session And the only thing that would happen in an open meeting would be an announcement of some sort And, Your Honor, it's absolutely correct You are entitled to go into closed session for personnel discussions But you're not allowed to go into closed session So, only in the open session Do the trial court have an opportunity to consider the open meetings argument? All right, we can look at the record The purpose of an open meetings act is to make it open to the taxpayer Correct So, by requiring it to be put on an agenda Allows the taxpayers to go forth and discuss and ask for time to discuss the issue Executive session action is where maybe action is taken But input is the reason for the open meetings act Right, no action is allowed to occur in a closed session Well, that's what I'm just saying But the purpose of the open meetings act is to inform the public That this topic is going to be discussed And the public has a right to be put on the agenda to address the topic Input, information input to the executives Or to the elected officials And they have the prerogative to go into executive session For basically liable slander purposes Or primarily the purpose Okay, to take executive action The purpose of the open meetings act is for notice And you're saying that was never made? Correct Okay And is there a case law that says that a violation of the open meetings act Is enough to negate a contract? There is I believe it's an Oakmont case There's actually a statutory language in part of the open meetings act itself That discusses a violation of the act And nullifying the agreement So your basic argument is Judge Anderson ruled about the binding under the common law, correct? Correct That was the basis for his ruling And back to Justice Wright's question The violation of an open meetings act Procedure Was that presented to Judge Anderson? I'm sorry, I don't recall off the top of my head It was in the trial report I think it might have been, but I don't want to speculate off the top of my head In the municipal code, there's a specific prohibition against rollover contracts Which is not in the park district code, right? True, true Does that make a difference in terms of the Oaklawn case? I believe that case It may But again Unfortunately, some codes are a lot more developed than others And it's like the library district code, park district code Frankly, this is not as developed as you would hope But it is what we have to deal with Sure So, again, I just want to point out the Grissino v. DuPage Township Which is a third district case And a board that was on its last couple of months in office Awarded a four year contract to the township supervisor And that was found to be void ad initio Because it bled over from one term to the other And it's just the basic fundamental policies, public policies here It's a little annoying You do not want to be in a private community where an agreement is entered into Friends and family A friendly agreement ends up occurring on the last couple of days of the administration And there are public policy reasons why we want to prohibit time in the future for intent There's just the fundamental idea of being able to, what you talked about earlier Being able to choose who you want to be your key employee If this is allowed to go on for three years, two and a half years You're having an entire board not being able to make that decision Unless they want to pay another executive director a hundred grand to do the job that they were supposed to do It's not only the, it's also the body politic philosophy That boards are elected and accountable to the people of the district And that many elections are a referendum on actions of the prior board And people do ask for change in elections Exactly right Okay Can you answer the question that I posed to your opposing counsel? Tell me or give me an example of how a fresh face could be brought into the park district What would you advise the park district if somebody came to you and said Yeah, we really want somebody that does surfing, can help the kids learn how to surf And this director can So under the terms of this contract, it was mentioned for cause but it doesn't have a sign And without cause you have to do the six month notice But it would cost the park district two years Under my interpretation it would only cost six months It wouldn't trigger two and a half years worth of payment And the reason for the additional two years following up on her question Is because that 180 was not engaged in prior to the 180 days action by that board Right Okay Any other questions? Thank you Mr. Coughlin, rebuttal Number one, the Open Meetings Act violation Open Meetings Act violations are very specific They have to be raised within six months You have to go to the Attorney General And you have to file with the Attorney General as to an Open Meetings Act violation Obviously none of that was done here Did the trial court have a chance to consider that argument? I don't believe they did The main thrust of the argument was all having to do with binding the other boards When you look at the park district code Okay, what you're just saying Then you're saying that court cannot look at the Open Meetings Act in conjunction with this case? If that was going to be before the court I believe that issue would have been waived And that the Open Meetings Act violation was never raised with the Attorney General at any point in time By the park district or any member of the public But you're saying for the court to consider whether there's a violation There has to be that action by the Attorney General? Or that action taken to the Attorney General? I would say yes Before the court should be able to consider that If that action was not taken by somebody else And was not taken at that point in time Then yes, that should be part of it But to go back to the Open Meetings Act violation In this particular case There is no Open Meetings Act violation Because with the initial contract You have a contract that is Where it's at an open meeting Where you have a contract where you have the terms are there It was bargained for One of the ways that they get these park district people to move around Is that they entice them to come from another district So just like any time you bring in a professional You sit and negotiate the best deal that you can So that you satisfy yourself That you have the security necessary to uproot the family and to move That was done And there's no argument that in 2012 When this contract was approved That it was not done in an open session Where it was subject to review At that point in time The members of the public that were there That looked at the contract Could have said, wait a minute my representatives What are you doing here Where you're giving somebody a guaranteed three year deal That automatically will renew subject to no action So there is no open meetings violation When the original contract And the terms that were adopted That's before the court Once that occurs There is no open meetings act Because that was covered in that initial approval I believe that based on all the comments And also based on the statute as it is The statute clearly says It's special districts There's special rules for special districts And the park district The statute clearly says Three year contract is appropriate And for that reason I believe That it should be reversed The park district did honor that three year term He was there from 12 to 15 Am I correct? Correct For the initial So he uprooted his family And moved to another town And he was protected for three years Correct They didn't do anything They did not do anything for the three years Correct But part of his negotiation On that was That every year You're going to have the opportunity to renew it So that he then knows with his family Okay They didn't exercise that negotiated clause So I've got two years Thank you Thank you We thank both of you for your arguments this morning We'll take the matter under advisement And we'll issue a written decision as quickly as possible